IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL M. JACKSON, )
)
    Plaintiff, )
)
vs. ) CAUSE NO.  4:13-CV-00570-JAR
)
COLLECTIONS ACQUISITION COMPANY, )
LLC D/B/A PAYLIANCE, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before me on the parties' joint motion for class certification [DOC 22]. I will grant class certification for the reasons that follow.

## I. Introduction

Daniel M. Jackson brings this putative class action against Defendant Collections Acquisition Company, LLC d/b/a Payliance ("Payliance") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  As set forth in Count I of Plaintiff's Complaint, he received a collection letter from Payliance on or about October 11, 2012 in which Payliance neither identified itself as a debt collector nor provided a disclaimer stating that the collection letter was an attempt to collect a debt.

## II. Proposed Class Definition

The parties propose the following class definition:

> All persons in the United States to whom Defendant sent a version or copy of the collection letter attached hereto as Exhibit "1" between the dates of May 1, 2012 through May 22, 2013 in an attempt to collect a debt in which (a) Payliance did not identify itself as a debt collector in the letter, and (b) the letter did not state that it was an attempt to collect a debt.

Joint Mot. for Class Cert. at 1.

"The class definition must enable the Court to determine objectively who is in the class, and thus, who is bound by the ruling." Walls v. Sagamore Ins. Co., 2009 WL 890528 at *4 (E.D. Ark. March 31, 2009); see also Dumas v. Albers Medical, Inc., 2005 WL 2172030 at *5 (W.D. Mo. Sept. 7, 2005). "Identifying the class insures that those actually harmed by the defendant's conduct will be the recipients of the relief eventually provided." Id. (quoting In re PPA Products Liability Litig., 214 F.R.D. 614, 617 (W.D. Wash. 2003)). "[T]o accomplish this, the Court should not have to engage in lengthy, individualized inquiries in order to identify members of the class." Walls, 2009 WL 890528 at *4 (internal citation omitted).

Here, the Court need not engage in individualized inquiries to determine class membership because the only evidence presented establishes that defendant sent the same copy or version of the collection letter to the putative members of the class that Plaintiff received. Therefore, all putative members in the proposed class definition are harmed by Payliance's conduct under Plaintiffs' theory of the case. If, however, during the course of merits discovery the parties discover that the class definition includes individuals not actually harmed by Payliance's conduct, then Payliance may move to decertify the class if appropriate. However, on this record the parties' proposed class definition is sufficient.

### III. Class Action Standard

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974). Although "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," a court has no "authority

to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982).

### A. Requirements of Rule 23(a)

Federal Rule of Civil Procedure 23(a) allows one or more individuals to sue as representative parties on behalf of a class "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); see also Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996); and see also Morgan v. United Parcel Service of America, Inc., 169 F.R.D. 349, 354 (E.D. Mo. 1996). Plaintiffs normally have the burden to establish each of the four prerequisites: numerosity, commonality, typicality and adequacy of representation. General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982). Additionally, a plaintiff must fulfill the requirements of a Rule 23(b) category in order to obtain certification for the proposed class. Fed. R. Civ. P. 23(b); Eisen v. Carlisle & Jacquelin, 417 U.S. at 163. Plaintiff bears the burden of proving both the threshold requirements of Rule 23(a) and fulfillment of one of the three subsections set forth in Rule 23(b). Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

### Rule 23(a): Numerosity

A class may not be certified unless the proposed class is so large that joinder of all class members would be "impracticable." Fed. R. Civ. P. 23(a)(1). In his operative complaint, Plaintiff avers that there are "thousands" of class members. At the hearing,

3

however, and upon questioning by the Court, the parties estimate that the number of potential class members would increase based upon information yet to be provided by Payliance. Payliance does not dispute that Jackson meets the numerosity requirement, and the Court finds that Plaintiff has met the numerosity requirement of Rule 23(a).

**Rule 23(a): Commonality**

Rule 23(a)(2) requires the presence of questions of law or fact common to the class. However, the presence of differing legal inquiries and factual discrepancies will not preclude class certification.

Plaintiff is able to satisfy the commonality requirement because the central issue is whether Payliance's conduct in sending a copy or version of the collection letter to members of the putative violates the FDCPA. This issue is common to all members of the putative class. Furthermore, each putative plaintiff class member's claim arises from the same conduct of Payliance — the act of delivering the collection letters to the class.

Payliance does not dispute that Plaintiff meets this requirement, and I find that Plaintiff has met the commonality requirement of Rule 23(a).

**Rule 23(a): Typicality/Adequacy**

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." "The burden of showing typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995). Rule 23(a)(4) requires that the named plaintiff must fairly and adequately protect the interests of class members. To meet this requirement, the named plaintiff must be a member of the class she seeks to represent. East Texas Motor Freight System, Inc v. Rodriquez,

4

431 U.S. 395, 403 (1977); Roby, 775 F.2d at 961; Tuft v. McDonnell Douglas Corp., 581 F.2d 1304, 1307-08 (8th Cir. 1978). In addition, the class representative must possess the same interest and suffer the same injury as the class members. Rodriquez, 431 U.S. at 403. The adequacy rule also applies to lawyers seeking to represent the class. See Bradford v. AGCO Corp., 187 F.R.D. 600, 605 (W.D. Mo. 1999). Here, Plaintiff contends that his claim is identical to members of the putative class, and that he and his counsel will adequately represent and vigorously defend the interests of the class.

Payliance does not dispute that Plaintiff meets the typicality / adequacy requirement, and I find that Plaintiff has met this requirement of Rule 23(a).

For these reasons, I find that Plaintiff meets the requirements for bringing a class action under Rule 23(a).

## B. Requirements of Rule 23(b)(3)

In addition to satisfying the requirements of Rule 23(a), to be certified as a class action plaintiffs must also fulfill the requirements of one of the Rule 23(b) categories. Here, Plaintiff argues that he meets the requirements of Rule 23(b)(3), which permits class certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." This requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).

The nature of the evidence that will suffice to resolve a question determines whether the question is common or individual. See In re Visa, 280 F.3d at 136-40. If, to

5

make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question. See id. In other words, "just because the legal issues or underlying theories of recovery involved may be common to all class members does not mean that the proof required to establish these same issues is sufficiently similar to warrant certification." Dumas v. Albers Med., Inc., 2005 WL 2172030 at *3 (W.D. Mo. Sept. 7, 2005). "The standard for certification imposed by Rule 23(b)(3) is more demanding than the commonality requirement of Rule 23(a), and mandates caution, particularly where individual stakes are high and disparities among class members are great." In re Genetically Modified Rice Litig., 251 F.R.D. 392, 397 (E.D. Mo. 2008).

"To determine whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings." Blades v. Monsanto Co.,400 F.3d 562, 566 (8th Cir. 2005). "In conducting this preliminary inquiry, however, the court must look only so far as to determine whether, given the factual setting of the case, if the plaintiffs' general allegations are true, common evidence could suffice to make out a prima facie case for the class." Id. at 566-67. "The preliminary inquiry at the class certification stage may require the court to resolve disputes going to the factual setting of the case, and such disputes may overlap the merits of the case." Id. at 567. "Nonetheless, such disputes may be resolved only insofar as resolution is necessary to determine the nature of the evidence that would be sufficient, if the plaintiff's general allegations were true, to make out a prima facie case for the class." Id. "The closer any

6

dispute at the class certification stage comes to the heart of the claim, the more cautious the court should be in ensuring that it must be resolved in order to determine the nature of the evidence the plaintiff would require." Id.

Plaintiff alleges that, "In this case, the predominating issue is whether Payliance failed to identify itself as a debt collector on the collection letter and whether or not there was a disclaimer on the collection letter stating that it was an attempt to collect a debt."

He claims that the common factual questions include: (a) whether Payliance is a "debt collector" pursuant to the FDCPA, (b) whether the debts that Payliance has sought to collect from the class members constitute "consumer debts" under the FDCPA, (c) whether Payliance identified itself as a debt collector in the collection letters that Payliance sent to class members, and (d) whether the letters that Payliance sent to class members stated that they were an attempt to collect a debt. Plaintiff contends that these issues predominate over any individual issues that Payliance might assert.

Payliance does not argue that any of the factual questions preclude class certification here. The Court agrees with Plaintiff and finds that the factual questions do not preclude class certification here. Common questions of fact predominate because the primary issue in this case involves the legality of defendant's conduct in allegedly failing to disclose on the collection letter that Payliance is a debt collector pursuant to the FDCPA and whether the collection letters stated that they were an attempt to collect a debt. Because the class claim is based upon a version of the collection letter that was delivered to all putative class members and can be proven with common evidence, individualized inquires are not necessary and do not defeat class certification. See Mooney v. Allianz Life Ins. Co. of North America, 2009 WL 511572, *6-7 (D. Min. Feb.

7

26, 2009) (distinguishing St. Jude and finding common issues predominate in fraud class action case because almost every class member received same relatively straight-forward misrepresentation in brochure).

As for damages, Plaintiff's damages are readily ascertainable and calculable.

I agree with the parties that class-action treatment is the superior method for resolving these controversies because they involve plaintiffs each with relatively small claims, who might not otherwise seek or obtain relief absent a class action. See In re Workers' Compensation, 130 F.R.D. 99, 110 (D. Minn. 1990) (hold that "dismissal for management reasons is never favored" because class actions are meant "to permit plaintiffs with small claims and little money to pursue a claim otherwise unavailable.") (internal citations omitted). Class action treatment is also appropriate because the Court only need apply the FDCPA.

For these reasons I find that Plaintiff meets the requirements for bringing a class action under Rule 23(b).

## C. Conclusion

Based on the foregoing, I will grant the parties' joint motion for class certification. The Court will set a status conference with counsel to discuss class notification and scheduling issues.

Accordingly,

IT IS HEREBY ORDERED that the parties' Joint Motion for Class Certification [DOC 22] is GRANTED.

FURTHERMORE, the parties are hereby ordered to appear for status conference / Rule 16 Conference on Friday, October 11, 2013 at 11 am, which shall be conducted via telephone.

**SO ORDERED.**

_____
JOHN A. ROSS, U.S. DISTRICT JUDGE

Dated this 9th of October 2013.

9